UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:19-09271 CJC (ADS)     Date: November 6, 2019

Title: *Salvador Duenas v. Ralph Diaz*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):   Attorney(s) Present for Respondent(s):
None Present                              None Present

**Proceedings:    (IN CHAMBERS) ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by Salvador Duenas ("Petitioner"), through counsel, on October 28, 2019. [Dkt. No. 1]. Petitioner requests that this Court "order the California Court of Appeal to vacate its October 31, 2018 order denying his motion/application for leave from default and to hear the appeal on the merits." [Id., p. 15]. The Court's review of the Petition, the Court's own records, and public records reveals that the Petition fails to state a cognizable claim for federal habeas relief and appears barred by procedural default.[1]

For the reasons discussed below, Petitioner is **ORDERED TO SHOW CAUSE** in writing **by December 6, 2019** why the instant Petition should not be dismissed with prejudice because it (1) fails to state a cognizable claim for federal habeas relief and (2) is barred by procedural default.

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

## II. SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## III. THE PETITION FAILS TO STATE A COGNIZABLE CLAIM FOR FEDERAL HABEAS RELIEF

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, "the court must summarily dismiss the petition without ordering a responsive pleading." Mayle v. Felix, 545 U.S. 644, 656 (2005). 28 U.S.C. § 2254 provides that a federal court shall entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The sole ground stated in the Petition seeks an order from the District Court vacating the California Court of Appeal's order denying his motion for relief from his untimely appeal. [Dkt. No. 1, p. 15]. Petitioner does not assert that he is in custody in violation of the Constitution, laws, or treaties of the United States. As such, the Petition fails to state a cognizable claim for federal habeas relief.

## IV. THE PETITION APPEARS BARRED BY PROCEDURAL DEFAULT

Even were Petitioner to state a cognizable habeas claim, the Petition appears barred by procedural default. Federal courts cannot grant habeas relief if the following is true: "(1) 'a state court has declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" Walker v. Martin, 562 U.S. 307, 316 (2011) (alteration omitted) (quoting Coleman v. Thompson, 501 U.S. 722, 729–30 (1991)); see also Ayala v. Chappell, 829 F.3d 1081, 1095 (9th Cir. 2016) ("The procedural bar doctrine prohibits a federal court from granting relief on the merits of a

state prisoner's federal claim when the state court denied the claim based on an independent and adequate state procedural rule."). California's timeliness rules have been considered independent state grounds adequate to bar federal habeas relief. Walker, 562 U.S. at 321 (holding that California's time limitation on petitions for habeas corpus relief was an independent and adequate state procedural ground).

Nonetheless, a federal habeas court may consider a procedurally barred claim if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To show that there was actual prejudice, Petitioner must demonstrate "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." U.S. v. Frady, 456 U.S. 152, 170 (1982). Furthermore, a federal court may consider a defaulted claim on the merits if the petitioner "can demonstrate a fundamental miscarriage of justice by establishing that under the probative evidence he has a colorable claim of factual innocence." Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011) (internal quotation marks and brackets omitted); see also Bousley v. United States, 523 U.S. 614, 623-24 (1998) (holding defendant must establish "factual innocence, not mere legal insufficiency" to overcome procedural default).

Petitioner admits he filed his direct appeal to the California Court of Appeals late. [Dkt. No. 1, pp. 5, 6, 24]. It is on this basis that the Court of Appeals rejected his appeal. [Id., pp. 25, 32]. It is also on this basis that the California Supreme Court rejected his appeal. [Id., p. 6]. As such, the California State Courts refused to hear Petitioner's appeal because he failed to comply with State procedural requirements which bars federal habeas review. See Walker, 562 U.S. at 321.

Petitioner has not demonstrated cause and actual prejudice, or a fundamental miscarriage of justice, to excuse the default of his claim in state court. Whereas Petitioner previously asserted to the California Court of Appeal that denying him an

appeal would result in a miscarriage of justice, Petitioner provided no reason that qualifies or justifies relief from his default.

## V.     PETITIONER IS ORDERED TO SHOW CAUSE

The Petition does not assert a cognizable claim for federal habeas relief and appears barred by procedural default.  Accordingly, Petitioner is **ORDERED TO SHOW CAUSE by December 6, 2019** why the Court should not dismiss this action for failure to state a cognizable federal habeas claim and as barred by procedural default.

In the alternative, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1).

**Petitioner is expressly warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above, and/or for failure to obey court orders and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Initials of Clerk kh